**James GILES, Individually and as the Executor of the Estate of Ruth Giles, deceased, Appellant,**

v.

**ANONYMOUS PHYSICIAN I, et al., Appellees.**

No. 03A01–1306–CT–257.

Supreme Court of Indiana.

May 12, 2015.

**Published Order**

This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals. *See Giles v. Anonymous Physician I,* 13 N.E.3d 504 (Ind.Ct.App.2014). The Court has reviewed the decision of the Court of Appeals, and the submitted record on appeal, all briefs filed in the Court of Appeals, and all materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. The Court also has heard oral argument on the transfer petition. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.

Being duly advised, the Court DENIES the petition to transfer jurisdiction, and the Clerk is directed to certify the Court of Appeals decision as final.

RUSH, C.J., and RUCKER and MASSA, JJ., concur.

DAVID, J., dissents to the denial of transfer with separate opinion, in which DICKSON, J., joins.

DAVID, J., dissenting.

I respectfully dissent from the denial of transfer because fact issues remain as to the existence of a physician-patient relationship between the on-call hospitalist and Ruth Giles. As Giles' condition rapidly deteriorated in the hospital's Post Anesthesia Care Unit, her Ear Nose and Throat Surgeon requested a consultation with the on-call hospitalist. (App. at 58, 56.) The hospitalist then entered Giles' room, reviewed her chart, and spoke with her. (App. at 191.) After reviewing her chart, the hospitalist informed Giles that her primary care physician did not enter into a contract with the Hospitalist Group that would allow him to treat her. (App. at 56, 191.) Hospital protocol thus pre-

vented the hospitalist from admitting Giles into the hospital and overseeing her inpatient care. (App. at 234.) Though Giles' ENT surgeon admitted her into the hospital later that day, Giles passed away from respiratory failure and pneumonia three days later. (App. at 195, 113–14.)

In a medical malpractice action, a plaintiff must prove: (1) the doctor owed the patient a duty; (2) the doctor breached the duty; and (3) the breach proximately caused the patient's injury or death. *Bader v. Johnson,* 732 N.E.2d 1212, 1217 (Ind. 2000). Our Court of Appeals has held that "where a doctor does not treat, see, or in any way participate in the care or diagnosis of the plaintiff-patient ... a doctor-patient relationship will not be found to exist." *Miller v. Martig,* 754 N.E.2d 41, 46 (Ind.Ct.App.2001). Here, an on-call hospitalist consulted with a patient in trauma and reviewed her medical chart. In this summary judgment proceeding, where the facts are construed in a light most favorable to Giles as the non-moving party, I cannot unequivocally say that there are no genuine issues of material fact that the hospitalist did not *see* Giles or *participate* in her care, if only to consult with her and move her care forward.

Because summary judgment is appropriate only where the designated evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," Indiana Trial Rule 56(C), and because fact issues remain as to the existence of a physician-patient relationship between the on-call hospitalist and Giles, I respectfully dissent from the denial of transfer in this case.

DICKSON, J., joins.